IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAY VALLEY FOODS,<br>    Plaintiff,<br><br>    v.<br><br>UNITED FOOD & COMMERCIAL WORKERS<br>LOCAL UNION NO. 325,<br>    Defendant. | 2:13-MC-352 |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO COMPEL COMPLIANCE WITH SUBPOENA (ECF No. 1), filed by Plaintiff Bay Valley Foods ("Bay Valley"). Defendant (the "Union") filed a response in partial opposition to the motion.

Bay Valley and the Union are parties to a collective bargaining agreement ("CBA") which contains a provision for binding arbitration of disputes. In October 2012, two Bay Valley employees, Greg Faulk and Wallace Johns ("Johns"), were fired after they were involved in a physical altercation. The Union is pursuing a grievance regarding the Faulk discharge. An arbitration proceeding was scheduled for July 30, 2013 before Arbitrator Helen Witt in Pittsburgh, Pennsylvania. Arbitrator Witt issued a subpoena to command Johns to testify at the arbitration proceeding. Johns did not show up; the arbitration was suspended; and Bay Valley now seeks to enforce the subpoena issued by the arbitrator.

In its response, the Union points out that Johns is not named as a party to this case. The Union does not object to the issuance of a subpoena to Johns, but represents that Johns is no longer a member of the Union and that it has no control over him. The Union contends that Bay Valley has failed to join an indispensable party (namely, Johns).

1

The Court agrees with the Union. Johns was not a party to the CBA and was not named as a party to the underlying arbitration proceeding. The Court recognizes its authority to enforce a subpoena issued by an arbitrator pursuant to 9 U.S.C. § 7. However, there are limits to the enforcement of arbitration subpoenas against non-parties. *See, e.g., Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404 (3d Cir. 2004) (reversing district court's enforcement of arbitration subpoena). Johns has been served with a copy of the pending Motion and appears to reside within the subpoena power of this Court. It certainly appears, from this record, that Johns may be held in contempt for his failure to testify at the arbitration proceeding. Nevertheless, Johns has not had an opportunity to be heard and the Union does not represent his interests. In *Hay Group,* the federal action to enforce the arbitration subpoena named the actual targets of the subpoena – not the party to the underlying arbitration. The same approach should apply here.

In accordance with the foregoing, the MOTION TO COMPEL COMPLIANCE WITH SUBPOENA (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

SO ORDERED this 23RD day of August, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: All counsel of record (via CM/ECF)

Wallace Johns
380 Avenue F
Forest Hills, PA 15221
(Via US Mail)